■ MICHAEL MELBER et al., Respondents, v 6333 MAIN STREET, INC., Appellant, et al., Defendant, et al., Third-Party Plaintiff. ADF CONSTRUCTION Co., Third-Party Defendant-Appellant. [637 NYS2d 554] —Order affirmed with costs. Memorandum: Michael Melber (plaintiff) was employed as a carpenter by third-party defendant ADF Construction Co. in the construction of a medical office building owned by defendant 6333 Main Street, Inc. (owner). Plaintiff wore stilts to install metal studs in drywall. While wearing the stilts, plaintiff tripped and fell when one of the stilts caught on a section of electrical conduit that extended vertically from the floor. At the time of the fall, plaintiff was walking down a hallway to retrieve a clamp. Plaintiff and his wife commenced an action for damages allegedly sustained as a result of plaintiff's injuries.

Supreme Court properly granted plaintiffs' motion against the owner for partial summary judgment on liability under Labor Law § 240 (1). The use of stilts entails "a significant risk inherent in the particular task because of the relative elevation at which the task must be performed" *(Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514). The Industrial Code strictly regulates the use of stilts and requires that scaffolding be provided "for any person performing * * * work [on stilts] who may elect to use such scaffold" (12 NYCRR 23-5.22 [c]). Thus, the Commissioner has determined that stilts are the equivalent of scaffolding. That conclusion is buttressed by the fact that the regulations governing stilts are located in the subpart of the Industrial Code that regulates scaffolding *(see,* 12 NYCRR sub-part 23-5).

Contrary to the position of the dissent, it is not significant that plaintiff was injured while he was retrieving a clamp. There is no requirement that a person be injured while actually performing an activity enumerated in the statute; rather,

it is sufficient that the work is "necessary and incidental" to the construction project *(Mosher v St. Joseph's Villa,* 184 AD2d 1000, 1002; *see, Orr v Christa Constr.,* 206 AD2d 881; *Hagins v State of New York,* 159 AD2d 941, *affd* 81 NY2d 921).

All concur except Wesley and Boehm, JJ., who dissent in part and vote to modify in the following Memorandum.

Wesley and Boehm, JJ. (dissenting). In our view, the Legislature did not contemplate that an accident occurring at ground level while one is walking, albeit elevated on stilts, should give rise to absolute liability under Labor Law § 240 (1). We, therefore, respectfully dissent. As the owner properly argues, Labor Law § 241 (6) is specifically targeted to the type of hazard encountered by plaintiff at the time of his accident and provides a more appropriate framework for his claim. The Court of Appeals has declined to impose section 240 (1) liability in an accident that is more appropriately evaluated under section 241 (6) *(Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 515).

The protection afforded under 12 NYCRR 23-5.22 was not intended to include a worker who chooses, while on stilts, to walk away from the work site to retrieve a clamp 20 to 30 feet away. As a practical matter, what device could be "so constructed, placed and operated as to give proper protection to a person so employed" (Labor Law § 240 [1])? None of the safety devices enumerated in the statute could reasonably have been used to protect plaintiff from tripping while he was walking on stilts. "The import of Labor Law § 240 (1) is undeniably salutary, requiring owners and contractors to provide proper protection to workers employed on a construction site [citations omitted]. However, not every hazard or danger encountered in a construction zone falls within the scope of Labor Law § 240 (1) as to render the owner or contractor liable for an injured worker's damages [citation omitted]" *(Misseritti v Mark IV Constr. Co.,* 86 NY2d 487, 490). (Appeal from Order of Supreme Court, Erie County, Doyle, J.—Labor Law.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.