OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 On this appeal, we are again asked to delineate the class of perils targeted by Labor Law § 240 (1) and subject to its extraordinary protections. We hold that in the circumstances presented, plaintiff did not encounter a hazard contemplated by the statute, and we therefore reverse the grant of summary judgment to plaintiff on his Labor Law § 240 (1) claim.
 

 Plaintiff was a carpenter employed by ADF Construction Co., which had been hired by defendant to construct a one-story medical office building. While installing metal studs in the top of a drywall, in order to reach the height necessary to complete his work plaintiff stood on 42-inch stilts. Although the stilts supported him without incident as he worked on the drywall, plaintiff needed a clamp located some distance away and, without removing his stilts, “walked” down an open corridor to obtain the tool. On the way, he tripped over electrical conduit protruding from the unfinished floor and fell to the ground, suffering injury.
 

 Plaintiff and his wife subsequently brought suit alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). After discovery, both parties sought partial summary judgment on the Labor Law § 240 (1) claim. Supreme Court granted plaintiffs motion and denied defendant’s, concluding that the accident was within the ambit of the statute, and a divided Appellate Division affirmed (224 AD2d 995). The majority held that because stilts were the functional equivalent of scaffolding and because retrieving the clamp was necessary and incidental to his work, Labor Law § 240 (1) applied. The dissenting Justices concluded “the Legislature did not contemplate that an accident occurring at ground level while one is walking, albeit elevated on stilts, should give rise to absolute liability under Labor Law § 240 (1).” “As a practical matter,” they asked, “what device could be
 
 ‘so
 
 constructed, placed and operated as to give proper protection to a person so employed?’ ” (224 AD2d 995, 996,
 
 supra.)
 

 
 *762
 
 After a trial on damages, defendant appealed to this Court as of right on the basis of the two-Justice dissent. Agreeing with the dissent that plaintiffs accident fell outside the scope of Labor Law § 240 (1), we now reverse.
 

 As we have repeatedly recognized, Labor Law § 240 (1) is “ ‘for the protection of work[ers] from injury and undoubtedly is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed’ ” (see,
 
 e.g., Zimmer v Chemung County Performing Arts,
 
 65 NY2d 513, 520-521,
 
 rearg denied
 
 65 NY2d 1054, quoting
 
 Quigley v Thatcher,
 
 207 NY 66, 68;
 
 see also,
 
 1969 NY Legis Ann, at 407-409). Consistent with this purpose, we have held that the statute establishes absolute liability for a breach which proximately causes an injury
 
 (Bland v Manocherian,
 
 66 NY2d 452, 459-461), treated the statutory duty as nondelegable
 
 (Haimes v New York Tel. Co.,
 
 46 NY2d 132, 136-137) and broadly construed the statute’s terms in a variety of circumstances (see,
 
 e.g., Johlon v Solow,
 
 91 NY2d 457, 463 [citing cases]). We have, however, also determined that the extraordinary protections of the statute in the first instance apply only to a narrow class of dangers — a determination critical to the resolution of this appeal.
 

 In
 
 Rocovich v Consolidated Edison Co.
 
 (78 NY2d 509), we first addressed the question of “the nature of those occupational hazards which the Legislature intended should warrant the absolute protection that the statute affords”
 
 (id.,
 
 at 513). Recognizing that the statutory language did not itself specify the hazards to be guarded against, but rather focused on the safety devices to be used to avoid them, we held:
 

 “The contemplated hazards are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured. It is because of the special hazards in having to work in these circumstances, we believe, that the Legislature has seen fit to give the worker the exceptional protection that section 240 (1) provides”
 
 (id.,
 
 at 514).
 

 Accordingly, we concluded in
 
 Rocovich
 
 that a worker injured when his foot and ankle fell into a 12-inch trough containing
 
 *763
 
 heated industrial oil did not state a Labor Law § 240 (1) claim. We reasoned that “it is difficult to imagine how plaintiffs proximity to the 12-inch trough could have entailed an elevation-related risk which called for any of the protective devices of the types listed in section 240 (1)”
 
 (id.,
 
 at 514-515).
 

 We reached that same conclusion in
 
 Ross v Curtis-Palmer Hydro-Elec. Co.
 
 (81 NY2d 494). There, a welder suffered back strain from having to work in a contorted position on a platform that allowed him to work above a deep shaft. In deciding that the welder did not state a Labor Law § 240 (1) claim, we explained that the “special hazards” to which we referred in
 
 Rocovich
 
 “do not encompass any and all perils that may be connected in some tangential way with the effects of gravity. Rather, the ‘special hazards’ referred to are limited to such specific gravity-related accidents as falling from a height or being struck by a falling object that was improperly hoisted or inadequately secured”
 
 (id.,
 
 at 501). Labor Law § 240 (1) was not violated in
 
 Ross
 
 because, even though it did not prevent plaintiff from injuring his back, the platform succeeded in protecting him from the elevation-related hazard — falling down the shaft.
 

 Consistent with
 
 Rocovich
 
 and
 
 Ross,
 
 we have confined liability under the statute to failure to protect against elevation-related risks
 
 (see, e.g., Misseritti v Mark IV Constr. Co.,
 
 86 NY2d 487,
 
 rearg denied
 
 87 NY2d 969;
 
 Rodriguez v Tietz Ctr. for Nursing Care,
 
 84 NY2d 841;
 
 Smith v New York State Elec. & Gas Corp.,
 
 82 NY2d 781). That determination requires reversal here.
 

 To be sure, conduit protruding from an unfinished floor — like a trough filled with hot oil — is a hazard in the workplace against which employees should be protected. However, neither the trough nor the conduit is a risk that can be avoided by proper placement or utilization of one of the devices listed in Labor Law § 240 (1). The protective equipment envisioned by the statute is simply not designed to avert the hazard plaintiff encountered here. Thus, we agree with the Appellate Division dissent that the “proper ‘erection,’ ‘construction,’ ‘placement’ or ‘operation’ of one or more devices of the sort listed in section 240 (1)” would not have prevented plaintiffs injuries
 
 (Rocovich v Consolidated Edison Co.,
 
 78 NY2d 509, 514,
 
 supra).
 

 The stilts, moreover, performed the function Labor Law § 240 (1) required of them: allowing plaintiff to safely complete his work at a height. Had they failed while plaintiff was installing the metal studs in the top of the drywall — work requiring the
 
 *764
 
 statute’s special protections — a different case would be presented. But here, as was the case in
 
 Ross,
 
 injury resulted from a separate hazard — electrical conduit protruding from the floor. Even if the stilts failed to avoid that pitfall, “plaintiffs injuries allegedly flowed from a deficiency in the device that was ‘wholly unrelated to the hazard which brought about its need in the first instance’ ” and did not interfere with or increase the danger of injury in the performance of his elevation-related task
 
 (Ross v Curtis-Palmer Hydro-Elec. Co.,
 
 81 NY2d, at 501,
 
 supra,
 
 quoting
 
 Ross v Curtis-Palmer Hydro-Elec. Co.,
 
 180 AD2d 385, 394 [Mercure, J., dissenting in part]). Thus, plaintiff must look elsewhere for his remedy.
 

 Accordingly, the judgment appealed from and the order of the Appellate Division brought up for review should, be reversed, with costs, defendant-appellant’s motion for dismissal of plaintiffs Labor Law § 240 (1) claim granted and the case remitted to Supreme Court for further proceedings in accordance with the opinion herein.
 

 Judges Titone, Bellacosa, Smith, Levine and Ciparick concur; Judge Wesley taking no part.
 

 Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.