[897 NE2d 1059, 868 NYS2d 578]

EDWARD COHEN et al., Respondents, v MEMORIAL SLOAN-KETTERING CANCER CENTER et al., Appellants.

Decided October 28, 2008

824

APPEARANCES OF COUNSEL

*Mauro Goldberg & Lilling*, Great Neck (*Matthew W. Naparty* of counsel), and *Kopff, Nardelli & Dopf LLP*, New York City (*Martin B. Adams* of counsel), for appellants.

*David P. Kownacki*, New York City, for respondents.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, plaintiffs' cross motion for summary judgment on their Labor Law § 240 (1) claim denied, defendants' motion for summary judgment dismissing the Labor Law § 240 (1) claim granted, and the certified question answered in the negative.

No Labor Law § 240 (1) liability exists where an injury results from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first place (*see Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914 [1999]; *Melber v 6333 Main St.*, 91 NY2d 759, 763-764 [1998]). Here, the presence of two unconnected pipes protruding from a wall was not "the risk which brought about the need for the [ladder] in the first instance" (*Nieves*, 93 NY2d at 916 [citations omitted]), but was one of "the usual and ordinary dangers at a construction site" (*id.*) to which the "extraordinary protections of Labor Law § 240 (1) [do not] extend" (*id.* at 915).

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

On review of submissions pursuant to section 500.11 of the Rules of the Court of Appeals (22 NYCRR 500.11), order reversed, etc.