■ GERARD FENTY, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. CITY OF NEW YORK et al., Third-Party Plaintiffs, v HILLTOP CONSTRUCTION AND GENERAL CONTRACTING, INC., Third-Party Defendant-Respondent. CDE AIR CONDITIONING, Second Third-Party Plaintiff, v GRAND PIPING CORP., Second Third-Party Defendant-Respondent. [897 NYS2d 53]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered July 3, 2008, which, to the extent appealed from as limited by the briefs, granted the motions and cross motions by defendants City, Morris Park Contracting, Liro Group, Lafata-Corallo Plumbing-Heating and CDE Air Conditioning for

summary judgment dismissing the complaint against them, and denied plaintiff's cross motion for partial summary judgment against those defendants as to liability on his Labor Law § 240 (1) and § 241 (6) claims, unanimously affirmed, without costs.

On the section 240 (1) claim, plaintiff's injury-producing accident was not attributable to the risk arising from the elevation differentials at his work site that brought about the need for the safety device in the first place, but rather was caused by the separate, unforeseeable hazard of hot steam emanating from a ruptured pipe, leading to plaintiff's decision to jump from the bucket lift (*see Cohen v Memorial Sloan-Kettering Cancer Ctr.*, 11 NY3d 823, 825 [2008]; *Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 916 [1999]). As to the section 241 (6) claim, at the time of the accident, the work being conducted at the site did not constitute demolition, as required for application of the relied-upon section of the Industrial Code, 12 NYCRR 23-3.2 (a) (2) (*see e.g. Baranello v Rudin Mgt. Co.*, 13 AD3d 245 [2004], *lv denied* 5 NY3d 706 [2005]). Finally, absent evidence that any of the owners, contractors or subcontractors created or had notice of the defective condition, the Labor Law § 200 and common-law negligence claims as against these defendants were properly dismissed (*see e.g. Urban v No. 5 Times Sq. Dev., LLC*, 62 AD3d 553 [2009]). Concur—Tom, J.P., Friedman, Sweeny, Nardelli and Abdus-Salaam, JJ. **[Prior Case History: 2008 NY Slip Op 31878(U).]**