Chief Judge Lippman
(dissenting). The majority would have us believe that while ladders placed on slippery substances present an elevation-related risk, stilts under the same circumstances do not. Because I believe stilts placed on ice create the same “elevation-related risk” as do ladders, I would hold that Labor Law § 240 (1) applies here.
The majority expands Melber v 6333 Main St. (91 NY2d 759 [1998]) by asserting that “were we to hold that Melber draws a distinction between whether plaintiff was swinging a hammer tacker when he slipped or taking a step forward to retrieve a tool, such a holding would generally be illogical and inconsistent with the purpose and liberal interpretation of section 240 (1) to protect workers.” If the majority were true to Melber, plaintiff would prevail because he was installing insulation at a height at the time of his fall.
If there is an inconsistency in Melber, it should be resolved in favor of plaintiff given the statute’s intent. As the Melber Court and the majority here aptly remind us, this Court has “repeatedly recognized” that Labor Law § 240 (1) is to be “construed as liberally as may be for the accomplishment of the purpose for which it was thus framed,” which is “the protection of work[ers] from injury” (Melber, 91 NY2d at 762, quoting Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520-521 [1985]; Quigley v Thatcher, 207 NY 66, 68 [1912]). The legislature intended to “protect [ ] workers by placing ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor, instead of on workers, who are scarcely in a position to protect themselves from accident” (Zimmer, 65 NY2d at 520 [internal quotation marks and citations omitted]).
Because we are required to interpret the statute liberally to protect workers (Zimmer, 65 NY2d at 520-521), I disagree with *103 the majority’s decision to extend Melber to this case. Melber involved a worker tripping and falling over an electrical conduit in the floor while wearing stilts, which is analogous to other “trip and fall” cases in which this Court has said Labor Law § 240 (1) does not apply, such as where workers descending from ladders trip and fall over an obstruction on the ground, such as a portable light (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 916 [1999]) or “two unconnected pipes protruding from a wall” (Cohen v Memorial Sloan-Kettering Cancer Ctr., 11 NY3d 823, 825 [2008]). In Nieves, we held that the portable light was a “usual and ordinary danger [ ] at [the] construction site” (93 NY2d at 916).
The majority finds that ice “is indistinguishable from electrical conduit, a portable light, or protruding pipes.” However, when stilts or ladders are placed on top of ice, the combination of the two presents and exacerbates elevation-related risks.
We said as much in Klein v City of New York (89 NY2d 833 [1996]), where this Court reasoned that an owner violated Labor Law § 240 (1) “by failing to ensure the proper placement of the ladder due to the condition of the floor” (id. at 835). The plaintiff fell when a ladder that he had placed in a puddle of “gunk” on the floor slipped underneath him (id. at 834). In a similar case, Bland v Manocherian (66 NY2d 452 [1985]), this Court held that Labor Law § 240 (1) applied where a worker fell through a window when a ladder, which was placed on a “highly polished and shiny” floor, slipped out from under him (id. at 460). Ladders, like stilts, must be moved as the worker moves, and thus placement is equally important for stilts. To the extent the majority indicates that the stilts themselves have to break in order for a plaintiff to make out a Labor Law § 240 (1) claim, that view is contradicted by the language of the statute and by our case law. As Klein and Bland make plain, Labor Law § 240 (1) requires that equipment be so “constructed, placed and operated” as to give proper protection to a worker, and where employers order workers to use stilts or ladders in unsafe places (ordering them essentially to work around a hazard, as occurred here), Labor Law § 240 (1) should apply.
For these reasons, I would not dismiss plaintiffs Labor Law § 240 (1) cause of action.
Judges Read, Pigott, Rivera and Abdus-Salaam concur; Chief Judge Lippman dissents in an opinion; Judge Fahey taking no part.
*104 Order modified, without costs, by granting defendant WinterPfohl, Inc.’s motion for partial summary judgment dismissing the Labor Law § 240 (1) claim against it and, as so modified, affirmed, and certified question answered in the negative.