# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

619
CA 16-01958
PRESENT: WHALEN, P.J., SMITH, CENTRA, PERADOTTO, AND SCUDDER, JJ.

LLOYD PICHE, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

SYNERGY TOOLING SYSTEMS, INC., C.V.M.
ELECTRIC, INC., DEFENDANTS-RESPONDENTS,
AND N. CHOOPS PAINTING AND DECORATING, INC.,
DEFENDANT.
-----------------------------------------------
SYNERGY TOOLING SYSTEMS, INC., THIRD-PARTY
PLAINTIFF,

V

AMHERST ACOUSTICAL, INC., THIRD-PARTY DEFENDANT.

PAUL WILLIAM BELTZ, P.C., BUFFALO (ANNE B. RIMMLER OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (ROBERT E. SCOTT OF COUNSEL),
FOR DEFENDANT-RESPONDENT SYNERGY TOOLING SYSTEMS, INC. AND THIRD-PARTY
PLAINTIFF.

GOLDBERG SEGALLA LLP, BUFFALO (DANIEL T. HUNTER OF COUNSEL), FOR
DEFENDANT-RESPONDENT C.V.M. ELECTRIC, INC.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered December 23, 2015. The order, among other things, granted the motion of defendant-third-party plaintiff for partial summary judgment dismissing the Labor Law § 240 (1) claim and denied plaintiff's cross motion for partial summary judgment on liability on that claim against defendant-third-party plaintiff.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion and reinstating the Labor Law § 240 (1) claim against defendant-third-party plaintiff Synergy Tooling Systems, Inc. and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell while wearing stilts in order to install ceiling tile. We explained in a prior appeal that plaintiff fell when he stepped on a flexible electrical wire conduit that was on the floor (*Piche v Synergy Tooling Sys., Inc.*, 134 AD3d 1439, 1440).

Defendant-third-party plaintiff Synergy Tooling Systems, Inc. (defendant) moved for partial summary judgment dismissing the Labor Law § 240 (1) claim against it, and plaintiff cross-moved for partial summary judgment on liability on that claim against defendant. Although we reject plaintiff's contention that Supreme Court erred in denying his cross motion, we agree with plaintiff that the court erred in granting defendant's motion. We therefore modify the order accordingly.

Even assuming, arguendo, that defendant established its entitlement to judgment on the theory that plaintiff's fall was caused solely by stepping on the conduit, i.e., a "separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first place" (*Cohen v Memorial Sloan-Kettering Cancer Ctr.*, 11 NY3d 823, 825; *see Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d 90, 101, *rearg denied* 25 NY3d 1195), we nevertheless conclude that plaintiff raised an issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). In his affidavit submitted in opposition to defendant's motion, plaintiff clarified his deposition testimony with respect to why and how he fell (*see Cox v McCormick Farms, Inc.*, 144 AD3d 1533, 1534). Plaintiff was installing the last of eight ceiling tiles in a room. He explained in his deposition and in his affidavit that his work was obstructed by electrical wiring and conduit in the ceiling that had not been properly secured, thereby leaving limited space in which to install the tile, which measured two feet by four feet. With his arms fully extended overhead while attempting to move and secure the electrical wiring and conduit, he lost his balance and was forced to step backwards, at which point his right stilt came into contact with the conduit and he fell. Thus, plaintiff raised an issue of fact whether his "injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant height differential" while he was attempting to secure the electrical wiring and conduit in the ceiling in order to install the ceiling tile (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603), and were not solely caused by the presence of the conduit on the floor (*cf. Nicometi*, 25 NY3d at 101; *Melber v 6333 Main St.*, 91 NY2d 759, 763-764; *McNabb v Oot Bros., Inc.*, 64 AD3d 1237, 1238-1239).

With respect to plaintiff's cross motion, we conclude that he failed to establish his entitlement to judgment as a matter of law inasmuch as his submissions failed to eliminate any issues of fact with respect to whether his injuries were caused solely by the presence of the conduit on the floor (*see Zuckerman*, 49 NY2d at 562; *see generally Nicometi*, 25 NY3d at 101).

Entered: May 5, 2017                                    Frances E. Cafarell
                                                       Clerk of the Court