| |
|---|
| **Narvaez v 12 W. 31st St. Corp.** |
| 2024 NY Slip Op 33910(U) |
| November 1, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152206/2021 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**                PART        33M

_Justice_

-----------------------------------------------------------------X

WILSON NARVAEZ,                                    INDEX NO.        152206/2021

                            Plaintiff,             MOTION DATE      07/11/2024

            - v -                                  MOTION SEQ. NO.      005

12 WEST 31ST STREET CORP., KAY WATERPROOFING
CORP., HRC CORPORATION,                            **DECISION + ORDER ON
                                                   MOTION**
                            Defendant.

-----------------------------------------------------------------X

KAY WATERPROOFING CORP., HRC CORPORATION           Third-Party
                                                   Index No. 595162/2022
                            Plaintiff,

            -against-

VIVI NY CORP.

                            Defendant.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 102, 103, 104, 105,
106, 107, 108, 109, 110, 111, 112, 113, 115, 116, 118

were read on this motion to/for                  _____JUDGMENT - SUMMARY_____.

Upon the foregoing documents, Plaintiff Wilson Narvaez's ("Plaintiff") motion seeking

summary judgment on the issue of liability on his Labor Law § 240(1) claim is denied.

## I.    Background

On September 25, 2020, Plaintiff, employed by Third-Party Defendant Vivi NY Corp.

("Vivi") was cleaning a fire escape on the 11th floor exterior fire escape located at 12 West 31st

Street, New York, New York (the "Premises") in preparation for other workers to paint the fire

escape (NYSCEF Doc. 107 at 73). Other workers on the 9th and 10th floors were painting (_id._ at 74

[* 1]

and 82). While walking from the 11th floor fire escape to the 10th floor fire escape, Plaintiff slipped on wet paint and fell down three steps (*id.* at 140).

Alex Rosenblatt, employed by Defendant/Third-Party Plaintiff Kay Waterproofing Corp., ("Kay") testified that he was the lead project manager at the Premises at the time of Plaintiff's accident (NYSCEF Doc. 108 at 7-8). Kay was contracted to provide repairs to the fire escape at the Premises (*id.* at 15-16). Kay in turn contracted work to an entity named "Biviny" (*id.* at 17). Abimael Garcia, who worked for third-party defendant Vivi, testified he supervised Plaintiff's work at the Premises (NYSCEF Doc. 109 at 10-12). Mr. Garcia testified that Plaintiff did not notify him of his accident until three days after he fell and that he worked for three days prior to reporting the accident (*id.* at 19-20). According to Mr. Garcia, Plaintiff slipped on the fire escape (*id.* at 21).

Plaintiff argues he is entitled to summary judgment on his Labor Law § 240(1) claim because the fire escape constituted a safety device and was inadequate to prevent Plaintiff from being injured. Plaintiff relies on an affidavit from a certified site safety manager, Kathleen Hopkins, who alleges the presence of slippery conditions on a fire escape constitutes a violation of Labor Law § 240(1). In opposition, Defendants argue that Plaintiff's fall was not a direct consequence of a height related risk. Defendants further argue that a permanent structure on a worksite is not designed as a safety device to protect workers. Moreover, Defendants argue that Ms. Hopkins' expert affidavit stated broad and conclusory assertions and therefore should not be afforded probative value. Plaintiff has submitted no reply.

## II.     Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and

on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Viewing the facts in the light most favorable to the non-movant, there are triable issues of fact which preclude summary judgment. Specifically, there is an issue as to whether Plaintiff's slip due to wet paint on a fire-escape staircase constitutes the failure of a "safety device" under the scaffold law (*see, e.g. Gamez v Sandy Clarkson LLC*, 221 AD3d 453 [1st Dept 2023]; *Waldron v City of New York*, 203 AD3d 565 [1st Dept 2022]). Moreover, there is an issue of fact as to whether Plaintiff's injury was caused by an "elevation-related risk" as he only fell two to three steps, and his injury was admittedly caused by wet paint and not a failing object or the collapse of a safety device (*Nicometi v Vineyards of Fredonia, LLC*, 25 NY3d 90 [2015]). Here, a jury could reasonably conclude that Plaintiff's injury was a result of an ordinary slipping hazard, and not a direct consequence of an elevation-related risk (*Nicometi* at 99 citing *Cohen v Memorial Sloan-Kettering Cancer Center*, 11 NY3d 823 [2008]). Therefore, Plaintiff's motion is denied.

[*The remainder of this page is intentionally left blank.*]

Accordingly, it is hereby,

ORDERED that Plaintiff's motion seeking partial summary judgment on the issue of liability on his Labor Law § 240(1) claim is denied; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| __11/1/2024__ | | | | _Mary V Rosado JSC_ | |
|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |
| **CHECK ONE:** | | CASE DISPOSED | x | NON-FINAL DISPOSITION | |
| | | GRANTED | x DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |