Canales v Rye Neck Union Free Sch. Dist. (2025 NY Slip Op 02902)

Canales v Rye Neck Union Free Sch. Dist.

2025 NY Slip Op 02902

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-04956
 (Index No. 51584/21)

[*1]Osman Canales, appellant, 
v
Rye Neck Union Free School District, et al., respondents, et al., defendants (and a third party-action).

The Emanuel Law Firm, LLC, Brooklyn, NY (Douglas Emanuel and Richard G. Monaco of counsel), for appellant.
Baxter & Smith, P.C., Hicksville, NY (Arthur J. Smith and Louis B. Dingeldey, Jr., of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated April 24, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendants Rye Neck Union Free School District and Daniel Warren Elementary School which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(d) and (e)(2) insofar as asserted against them, and denied those branches of the plaintiff's cross-motion which were for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(d) and (e)(2) insofar as asserted against the defendants Rye Neck Union Free School District and Daniel Warren Elementary School.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 10, 2019, the plaintiff, an employee of the third-party defendant Sea Breeze General Construction, Inc. (hereinafter Sea Breeze), allegedly was injured while working at a construction site located at the defendant Daniel Warren Elementary School in Mamaroneck. On the day of the accident, the plaintiff was working as a laborer for Sea Breeze, which was tasked with the demolition and replacement of the roof of the school. According to the plaintiff, he was working on the roof when his Sea Breeze supervisor instructed him to retrieve tools and materials from a Sea Breeze truck, which was parked in the school's parking lot. The plaintiff testified at his deposition that as he was exiting the truck, he slipped on the top step of the truck cab and fell approximately five feet to the ground.
The plaintiff commenced this action against, among others, Daniel Warren Elementary School and the defendant Rye Neck Union Free School District (hereinafter together the defendants) asserting, inter alia, causes of action alleging violations of Labor Law §§ 240(1) and 241(6). The defendants moved, among other things, for summary judgment dismissing the cause [*2]of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(d) and (e)(2) insofar as asserted against them. The plaintiff cross-moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(d) and (e)(2) insofar as asserted against the defendants. In an order dated April 24, 2023, the Supreme Court, among other things, granted those branches of the defendants' motion and denied those branches of the plaintiff's cross-motion. The plaintiff appeals.
"Labor Law § 240(1) imposes a nondelegable duty upon owners and general contractors and their agents to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Verdi v SP Irving Owner, LLC, 227 AD3d 932, 934 [internal quotation marks omitted]; see Reyes v Astoria 31st St. Developers, LLC, 190 AD3d 872, 872). "[I]t is settled that 'the extraordinary protections of the statute in the first instance apply only to a narrow class of dangers'" (Giraldo v Highmark Ind., LLC, 226 AD3d 874, 875-876, quoting Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 96-97). "More specifically, Labor Law § 240(1) relates only to special hazards presenting elevation-related risk[s]. Liability may, therefore, be imposed under the statute only where the plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d at 97 [citations and internal quotation marks omitted]). "'Consequently, the protections of Labor Law § 240(1) do not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Giraldo v Highmark Ind., LLC, 226 AD3d at 876 [internal quotation marks omitted], quoting Nicometi v Vineyards of Fredonia, LLC, 25 NY3d at 97).
Here, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against them and properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on that cause of action insofar as asserted against the defendants. The defendants established, prima facie, that Labor Law § 240(1) was inapplicable to the facts of this case, the plaintiff failed to raise a triable issue of fact in opposition, and the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on that cause of action. The approximately five-foot descent from the truck's top step to the ground was not an elevation-related risk for purposes of Labor Law § 240(1) (see Toefer v Long Is. R.R., 4 NY3d 399, 408; Bond v York Hunter Constr., 95 NY2d 883, 884-885; Lavore v Kir Munsey Park 020, LLC, 40 AD3d 711, 712; Scarso v M.G. Gen. Constr. Corp., 16 AD3d 660, 660).
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers. To establish liability under Labor Law § 241(6), a plaintiff or claimant must demonstrate that his [or her] injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Verdi v SP Irving Owner, LLC, 227 AD3d at 936 [internal quotation marks omitted]; see Stewart v Brookfield Off. Props., Inc., 212 AD3d 746, 746).
Here, the plaintiff's deposition testimony that he slipped on the truck's step, established, prima facie, that 12 NYCRR 23-1.7(d) was inapplicable to the facts of this case, as truck steps are not a "floor, passageway, walkway, scaffold, platform or other elevated working surface" within the meaning of that section (see Bond v York Hunter Constr., Inc., 270 AD2d 112, 113, affd 95 NY2d 883). Additionally, the defendants established, prima facie, that 12 NYCRR 23-1.7(e)(2), which protects workers from tripping hazards, is inapplicable to the facts of this case, as the plaintiff testified that he "slipped" (see Dyszkiewicz v City of New York, 218 AD3d 546, 548; Keener v Cinalta Constr. Corp., 146 AD3d 867, 868; Costa v State of New York, 123 AD3d 648). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(d) and (e)(2) insofar as asserted against them and [*3]properly denied those branches of the plaintiff's cross-motion which were for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(d) and (e)(2) insofar as asserted against the defendants.
CONNOLLY, J.P., IANNACCI, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court