■ Maryann Kimball-Malone et al., Respondents, v City of New York et al., Defendants, et al., Respondents, and Thermal Air Contractors, Inc., Appellant. (And a Third-Party Action.) [777 NYS2d 513]—

In an action to recover damages for personal injuries, etc., the defendant Thermal Air Contractors, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated March 14, 2003, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff Maryann Kimball-Malone allegedly slipped and fell on gravel and sand while ascending a flight of stairs in the building where she worked. At the time of the incident, there were ongoing renovations throughout the building. The injured plaintiff and her husband commenced this action against, among others, the appellant, a contractor who worked in the building's basement before the incident, and which owned a company acting as the construction manager for other work being performed in the building. The appellant moved for summary judgment contending that it did not create the dangerous condition in the stairway, and that it did not have a duty to keep the stairway free from debris. The Supreme Court denied the motion. We reverse.

In response to the appellant's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' contention that the appellant, or a contractor it supervised, created the dangerous

condition was too speculative to raise an issue of fact (*see Portanova v Dynasty Meat Corp.*, 297 AD2d 792 [2002]; *Sieber v Estee Lauder, Inc.*, 293 AD2d 596 [2002]). Additionally, the plaintiffs did not put forth any evidence that the appellant assumed a duty of care toward the injured plaintiff when it contracted to provide construction management services (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]). Accordingly, the appellant's motion for summary judgment should have been granted. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.