■ EDNA JOHN, Appellant, v TISHMAN CONSTRUCTION CORPO-RATION OF NEW YORK, Respondent, et al., Defendants. [819 NYS2d 475]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated March 7, 2005, as granted that branch of the motion of the defendant Tishman Construction Corporation of New York which was for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly slipped and fell on a piece of sheet metal or metal shelf in the hallway of her employer's basement. At the time of the incident, there were ongoing renovations throughout the building. The plaintiff commenced this action against, among others, the construction manager, the defendant Tishman Construction Corporation of New York (hereinafter Tishman). Tishman moved for summary judgment, inter alia, dismissing the Labor Law § 200 and common-law negligence causes of action insofar as asserted against it, contending that it did not create or have notice of a dangerous condition in the hallway. The Supreme Court granted the motion, finding that Tishman did not create or have notice of the condition and that it did not have a duty to keep the hallway free of debris. We affirm.

In response to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the defendant created the dangerous condition was too speculative to raise an issue of fact (see Portanova v Dynasty Meat Corp., 297 AD2d 792 [2002]). Additionally, the plaintiff did not put forth any evidence that the defendant assumed a duty of care toward her (see Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]; Kimball-Malone v City of New York, 7 AD3d 675 [2004]). Accordingly, the Supreme Court properly granted summary judgment to the defendant Tishman. Schmidt, J.P., Ritter, Santucci and Lunn, JJ., concur.