■ In the Matter of the Estate of OLGA ASTA ZIOMEK, Also Known as OLGA ZIOMEK, Deceased. ARTHER GLENN ZIOMEK, Appellant; DARLENE E. ZIOMEK, Respondent. [833 NYS2d 906]—In a probate proceeding in which the petitioner filed a final account of the estate of Olga Asta Ziomek, also known as Olga Ziomek, the petitioner Arthur Ziomek appeals from an order of the Surrogate's Court, Suffolk County (Czygier, S.), entered May 17, 2006, which denied his motion pursuant to CPLR 3212 for summary judgment dismissing the objections to the account.

Ordered that the order is reversed, on the law, with costs, and the petitioner's motion for summary judgment dismissing the objections to the account is granted.

The petitioner established his entitlement to judgment as a matter of law by demonstrating that the objections are barred by the doctrine of collateral estoppel. In this regard, the petitioner demonstrated that the objections were adjudicated in a prior proceeding involving the objectant (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]).

The objectant's opposition, consisting of an affirmation of an attorney without personal knowledge of the facts, was insufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Trocchia v Yonkers Constr. Co.*, 250 AD2d 599, 599-600 [1998]; *Spearmon v Times Sq. Stores Corp.*, 96 AD2d 552 [1983]). Accordingly, the Surrogate's Court should have granted the petitioner's motion for summary judgment dismissing the objections. Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.