■ MINA COHEN, Respondent, v JOSEPH SCHACHTER et al., Defendants, and FIMOR CONSTRUCTION CORP., Appellant. [857 NYS2d 727]—

In an action to recover damages for personal injuries, the defendant Fimor Construction Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated August 15, 2007, as denied its motion for summary judgment dismissing the plaintiff's complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Fimor Construction Corp. for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff allegedly was injured when she slipped and fell on a snow-covered metal sign which was lying on the sidewalk in front of a construction project on premises owned by the defendants Cong Yehoshea and Yeshiva Ohel Yehoshea. The defendant Fimor Construction Corp. (hereinafter Fimor) was identified as the holder of the building permit posted at the construction site.

The plaintiff commenced the instant action against Fimor,

among others, alleging common-law negligence in the ownership, operation, maintenance, and control of the premises. Following the completion of discovery and the filing of the note of issue by the plaintiff, Fimor moved for summary judgment dismissing the complaint insofar as asserted against it on the ground, inter alia, that it had not performed any work at the accident location. The Supreme Court, finding that the presence of Fimor's name on the permit raised a question of fact, denied the motion.

The Supreme Court erred in denying Fimor's motion for summary judgment dismissing the complaint insofar as asserted against it. A contractor may be liable for an affirmative act of negligence which results in the creation of a dangerous condition upon a public street or sidewalk (*see Brown v Welsbach Corp.*, 301 NY 202 [1950]; *Kleeberg v City of New York*, 305 AD2d 549, 550 [2003]). However, under the circumstances of this case, it would be mere speculation to conclude that the allegedly dangerous condition which caused the plaintiff to slip and fall was caused by any affirmative act of negligence by Fimor (*see John v Tishman Constr. Corp. of N.Y.*, 32 AD3d 458 [2006]; *Kleeberg v City of New York*, 305 AD2d 549 [2003]). Fimor met its burden of proof by submitting competent evidence establishing that it performed no construction work at the accident location and, in opposition, the plaintiff failed to submit any evidence to raise a triable issue of fact.

Further, even assuming that Fimor acted as a construction manager or general contractor on the project pursuant to a contract with the owners, the plaintiff failed to put forth any evidence that Fimor assumed a duty of care toward her as a third-party beneficiary of this contract (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Walls v City of New York*, 48 AD3d 792 [2008]; *John v Tishman Constr. Corp. of N.Y.*, 32 AD3d 458 [2006]).

Lastly, Fimor established that it lacked control over the work site and no triable issue of fact was raised by the plaintiff in opposition to that showing. Thus, there is no basis to find Fimor liable for having failed to correct an allegedly dangerous condition on the premises (*see Keating v Nanuet Bd. of Educ.*, 40 AD3d 706, 708-709 [2007]; *cf. Tilford v Sweet Home Real Prop. Trust*, 40 AD3d 966 [2007]). Spolzino, J.P., Carni, Dickerson and Eng, JJ., concur.