◼ ROGER PRINCE et al., Respondents, v MICHEL-ANGELO ACCARDO et al., Defendants, and UNITED GENERAL TITLE INSURANCE COMPANY, Appellant. [863 NYS2d 819]—

In an action, inter alia, to recover damages for fraud and for rescission, the defendant United General Title Insurance Company appeals from an order of the Supreme Court, Queens County (Dorsa, J.), entered April 13, 2007, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it, with leave to renew upon the completion of discovery.

Ordered that the order is reversed, on the law, with costs, and the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiffs, whose house was the subject of a foreclosure action, conveyed title to the house to the defendant Michel-Angelo Accardo by deed executed on June 21, 2005. Thereafter, the plaintiffs remained in possession pursuant to a lease and purchase option agreement with Accardo.

Berkshire Financial Group, Inc. (hereinafter Berkshire), financed Accardo's purchase of the plaintiffs' property. Prior to closing, Berkshire obtained from the appellant United General Title Insurance Company a title insurance policy naming both Berkshire and Accardo as insureds.

Accardo undertook to evict the plaintiffs, who thereafter commenced the instant action, inter alia, to recover damages for fraud and to rescind the deed. The complaint asserted, among other things, that the defendants defrauded the plaintiffs into selling their house to Accardo, who never intended to permit them to exercise their option to buy the house back.

On its motion for summary judgment dismissing the complaint insofar as asserted against it, the appellant demonstrated its entitlement to judgment as a matter of law by submitting evidence sufficient to establish, prima facie, that it did nothing fraudulent and was not a participant in an allegedly fraudulent scheme against the plaintiffs (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). In opposition, the plaintiffs, who only submitted an affirmation from an attorney having no personal knowledge of the facts, failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]). Contrary to the Supreme Court's conclusion, the appellant's motion was not premature, as the plaintiffs offered no evidentiary basis

suggesting that discovery might lead to relevant evidence or that facts essential to opposing the motion were exclusively within the appellant's knowledge and control (see CPLR 3212 [f]; *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736, 737 [2007]). Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it. Rivera, J.P., Lifson, Covello and Balkin, JJ., concur. [*See* 2007 NY Slip Op 30711(U).]