Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP (2018 NY Slip Op 00403)





Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP


2018 NY Slip Op 00403


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
L. PRISCILLA HALL
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-03889
 (Index No. 23631/10)

[*1]Constructamax, Inc., appellant, 
v
Dodge Chamberlin Luzine Weber, Associates Architects, LLP, respondent.


Hollander Law Group, PLLC, Great Neck, NY (Larry B. Hollander of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, White Plains, NY (Leonardo D'Alessandro and Victoria F. Wiener of counsel), for respondent.



DECISION & ORDER
In an action for contractual and common-law indemnification, the plaintiff appeals from an order of the Supreme Court, Nassau County (Galasso, J.), dated February 2, 2016, which denied its motion for leave to renew its prior motion to extend the time to file a note of issue, which had been denied in an order of the same court dated September 28, 2015, and for leave to renew its opposition to the defendant's prior motion pursuant to CPLR 3126 to dismiss the amended complaint, which had been granted in the order dated September 28, 2015.
ORDERED that the order dated February 2, 2016, is affirmed, with costs.
In this action for contractual and common-law indemnification, in an order dated September 28, 2015, the Supreme Court denied the plaintiff's motion to extend the time to file a note of issue and granted the defendant's motion pursuant to CPLR 3126 to dismiss the amended complaint. The plaintiff filed a notice of appeal from the order dated September 28, 2015, but in an order on application dated September 2, 2016, this Court granted the plaintiff's application to withdraw that appeal. The plaintiff then moved for leave to renew its prior motion to extend the time to file a note of issue and its opposition to the defendant's prior motion pursuant to CPLR 3126 to dismiss the amended complaint. The Supreme Court denied that motion, and the plaintiff appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see United Med. Assoc., PLLC v Seneca Ins. Co., Inc., 125 AD3d 959, 960; Ali v Verizon N.Y., Inc., 116 AD3d 722). " Leave to renew is not warranted where the factual material adduced in connection with the subsequent motion is merely cumulative with respect to the factual material submitted in connection with the original motion'" (Varela v Clark, 134 AD3d 925, 926, quoting Stone v Bridgehampton Race Circuit, 244 AD2d 403, 403).
Here, in support of its motion for leave to renew, the plaintiff submitted the same facts, with some elaboration and in slightly greater detail, that it had submitted on the prior motions. These facts were merely cumulative to the facts previously presented. Also, in both instances, the [*2]factual assertions were submitted by an attorney affirmation; no affidavit was submitted by someone with personal knowledge (see Prince v Accardo, 54 AD3d 837, 838).
Moreover, the plaintiff failed to offer a reasonable justification for the failure to present the allegedly new facts on the prior motion (see CPLR 2221[e][3]; Dervisevic v Dervisevic, 89 AD3d 785, 786-787). In any event, consideration of the allegedly new facts does not warrant a different outcome (see CPLR 2221[e][2]; NYCTL 1999-1 Trust v Surf Coney Is., Inc., 63 AD3d 1023, 1024).
Accordingly, the Supreme Court properly denied the plaintiff's motion for leave to renew.
The plaintiff's contentions regarding the order dated September 28, 2015, are not properly before this Court, as the plaintiff withdrew its appeal from that order (see Affordable Hous. Assoc., Inc. v Town of Brookhaven, 150 AD3d 800, 803).
BALKIN, J.P., HALL, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court