Digirolomo v 160 Madison Ave LLC (2021 NY Slip Op 03371)





Digirolomo v 160 Madison Ave LLC


2021 NY Slip Op 03371


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Gische, J.P., Kern, Oing, Shulman, JJ. 


Index No. 23865/14E Appeal No. 13949 Case No. 2020-04022 

[*1]Christopher Digirolomo et al., Plaintiffs-Respondents,
v
160 Madison Ave LLC et al., Defendants-Respondents, Parkview Plumbing & Heating, Inc., Defendant-Appellant, KSW Mechanical Services, Inc., et al., Defendants. [And a Third-Party Action]


Law Office of James J. Toomey, New York (Michael J. Kozoriz of counsel), for appellant.
Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for Christopher Digirolomo and Arelis Digirolomo, respondents.
Fullerton Beck LLP, White Plains (Edward J. Guardaro, Jr. of counsel), for 160 Madison Ave LLC and M.D. Carlisle Construction Corp., respondents.
Litchfield Cavo LLP, New York (Christopher H. Sommer of counsel), for New York City Acoustics, Inc., respondent.



Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered on or about September 29, 2020, which denied defendant Parkview Plumbing & Heating, Inc.'s (Parkview) motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint and all cross claims as against Parkview.
The record demonstrates conclusively that Parkview cannot be held liable to plaintiffs under Labor Law § 200 or in common-law negligence. It shows that the floor penetration on which plaintiff Christopher Digirolomo tripped was covered when Parkview last worked in the area of the accident, during the week before; that the floor penetration was covered when the site safety contractor inspected the area on the day before and the day of the accident; and that Parkview was not performing any work in the area on the day of the accident and had not performed any work there since the week before. Under the circumstances, the argument that it must have been Parkview that uncovered the floor penetration at issue, because it was the only contractor or trade with any reason to do so, is based on "unsubstantiated assertions or speculations" (Alvarez v Prospect Hosp., 68 NY2d 320, 327 [1986]; see Licata v AB Green Gansevoort, LLC, 158 AD3d 487, 490 [1st Dept 2018]).
The Labor Law § 241(6) claim as against Parkview is dismissed as abandoned, since plaintiffs did not oppose that part of Parkview's motion and do not defend the claim on appeal (see Norris v Innovative Health Sys., Inc., 184 AD3d 471, 473 [1st Dept 2020]).
Because, in view of the foregoing, there is no basis for holding Parkview liable to plaintiffs, we dismiss the cross claims against it for common-law indemnification and contribution (see e.g. Kogan v North St. Community, LLC, 81 AD3d 429, 430-431 [1st Dept 2011]), contractual indemnification (see Worth Constr. Co., Inc. v Admiral Ins. Co., 10 NY3d 411, 415-416 [2008]; Port Auth. of N.Y. & N.J. v Brickman Group Ltd., LLC, 181 AD3d 1, 14-15 [1st Dept 2019]), and failure to procure insurance (see New York City Hous. Auth. v Merchants Mut. Ins. Co., 44 AD3d 540, 542 [1st Dept 2007]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021