Schutt v Dynasty Transp. of Ohio, Inc. (2022 NY Slip Op 01473)





Schutt v Dynasty Transp. of Ohio, Inc.


2022 NY Slip Op 01473


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2019-04522
 (Index No. 31979/11)

[*1]Robert J. Schutt, et al., appellants, 
v
Dynasty Transportation of Ohio, Inc., et al., respondents (and third-party actions).


Law Offices of Bruce E. Cohen & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellants.
Miranda Slone Sklarin Verveniotis, LLP, Mineola, NY (Steven Verveniotis and Taimur Alamgir of counsel), for respondent Dynasty Transportation of Ohio, Inc.
Bartlett LLP, Garden City, NY (Jessica Moreno and Robert G. Vizza of counsel), for respondent T.G. Nickel & Associates, LLC.
Keith J. Conway, Melville, NY (Frank R. Matozzo of counsel), for respondent Habberstad Sunrise Realty, LLC.
Cornell Grace, P.C., New York, NY (Joseph E. Donat and Katina Despas-Barous of counsel), for respondent Canton Elevator, Inc.
Gottlieb Siegel & Schwartz, LLP, New York, NY (Lauren M. Solari of counsel), for third-party defendant.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph Farnetti, J.), dated March 27, 2019. The order, insofar as appealed from, (1) granted those branches of the separate motions of the defendants Habberstad Sunrise Realty, LLC, and T.G. Nickel & Associates, LLC, which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-1.7(d) insofar as asserted against each of them, (2) granted that branch of the separate motion of the defendant Canton Elevator, Inc., which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against it, and (3) granted that branch of the separate motion of the defendant Dynasty Transportation of Ohio, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, by deleting the provisions thereof granting those branches of the separate motions of the defendants Habberstad Sunrise Realty, LLC, and T.G. Nickel & Associates, LLC, which were for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-1.7(d) insofar as asserted against each of them, and substituting therefor provisions denying those [*2]branches of the separate motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants Canton Elevator, Inc., and Dynasty Transportation of Ohio, Inc., payable by the plaintiffs.
Noble Elevator Company, Inc. (hereinafter Noble), was hired to install elevators in a building being constructed on property owned by the defendant Habberstad Sunrise Realty, LLC (hereinafter Habberstad). The defendant T.G. Nickel & Associates, LLC (hereinafter T.G. Nickel), was the general contractor on the construction project. The elevator components that were to be installed in the building were distributed by the defendant Canton Elevator, Inc. (hereinafter Canton). Canton loaded the components onto a truck owned and operated by the defendant Dynasty Transportation of Ohio, Inc. (hereinafter Dynasty), and Dynasty delivered the components to the work site.
When the Dynasty truck arrived at the work site, it was parked in a designated loading area connected to the building under construction. The plaintiff Robert J. Schutt (hereinafter the injured plaintiff), an elevator installation mechanic employed by Noble, and his coworkers, were assigned to unload the elevator components from the truck. The injured plaintiff entered the 25 to 30 foot long box truck, and prepared to move a hydraulic jack that weighed at least 1,000 pounds. The injured plaintiff was placing nylon straps around the head of the jack when his foot slipped. The injured plaintiff fell, toppling the jack approximately two feet to the floor of the truck. The plaintiff landed on top of the jack with his foot underneath it, allegedly injuring his shoulders and back. After the injured plaintiff fell, he noticed oil on his pants and on the floor of the truck.
The plaintiffs commenced this personal injury action, against Habberstad, T.G. Nickel, Dynasty, and Canton, alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6) predicated on 12 NYCRR 23-1.7(d), and common-law negligence. Habberstad and T.G. Nickel separately moved, among other things, for summary judgment dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against each of them. Dynasty moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and Canton moved, among other things, for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it. By order dated March 27, 2019, the Supreme Court, among other things, granted all of those branches of the separate motions, and the plaintiffs appeal from those determinations.
The Supreme Court properly granted those branches of Canton's and Dynasty's motions which were for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against each of them. Those defendants both demonstrated, prima facie, that they did not create or have actual or constructive notice of the condition that allegedly caused the injured plaintiff's fall (see John v Tishman Constr. Corp. of N.Y., 32 AD3d 458). The plaintiffs failed to raise a triable issue of fact in opposition. The plaintiffs' contention that the oil on which the injured plaintiff slipped had leaked from the hydraulic jack and that Canton and Dynasty had negligently created this condition due to either the positioning of the jack in the truck, damage to a portion of the jack, or damage to the jack's packaging, was purely speculative (see Puzhayeva v City of New York, 151 AD3d 988, 990; John v Tishman Constr. Corp. of N.Y., 32 AD3d 458; see also DiSanto v Spahiu, 169 AD3d 861, 863).
Dynasty further established its prima facie entitlement to judgment as a matter of law dismissing the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against it by demonstrating that it was not an agent of Habberstad or T.G. Nickel with regard to the injured plaintiff's work (see Fiore v Westerman Constr. Co., Inc., 186 AD3d 570). In opposition, the plaintiffs failed to raise a triable issue of fact.
With respect to the causes of action asserted against Habberstad and T.G. Nickel, Labor Law § 240(1) generally requires contractors and property owners to properly protect workers against risks arising from "a physically significant elevation differential" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603; see Ortega v Puccia, 57 AD3d 54, 58). "[L]iability arises under Labor Law § 240(1) only where the plaintiff's injuries are the 'direct consequence' of an [*3]elevation-related risk, not a separate and ordinary tripping or slipping hazard" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 98-99, quoting Runner v New York Stock Exch., Inc., 13 NY3d at 603 [citations omitted]; see Melber v 6333 Main St., 91 NY2d 759).
Here, Habberstad and T.G. Nickel demonstrated, prima facie, that the injured plaintiff's accident was "caused by a separate hazard" (Nicometi v Vineyards of Fredonia, LLC, 25 NY3d at 99)—spilled oil—"unrelated to any elevation risk," (id.) and that the spilled oil, not the absence or inadequacy of any safety device, caused his fall. Habberstad and T.G. Nickel therefore demonstrated, prima facie, that the injured plaintiff cannot recover under Labor Law § 240(1) (see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d at 99; Melber v 6333 Main St., 91 NY2d at 763-764). In opposition, the plaintiffs failed to raise a triable issue of fact.
However, Habberstad and T.G. Nickel failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-1.7(d) insofar as asserted against each of them. Section 23-1.7(d) of the Industrial Code provides that "[e]mployers shall not suffer or permit any employee to use a floor, passageway, walkway, scaffold, platform or other elevated working surface which is in a slippery condition." Here, contrary to the Supreme Court's conclusion, Habberstad and T.G. Nickel failed to make a prima facie showing that the floor of the truck on which the injured plaintiff was performing work was not the type of surface contemplated under section 23-1.7(d) (see Cafarella v Harrison Radiator Div. of Gen. Motors, 237 AD2d 936, 936-937; see also Beltrone v City of New York, 299 AD2d 306, 308; cf. Farrell v Blue Circle Cement, Inc., 13 AD3d 1178, 1179; Bond v York Hunter Constr., 270 AD2d 112, 113, affd 95 NY2d 883). Accordingly, the court should have denied those branches of the separate motions of Habberstad and T.G. Nickel which were for summary judgment dismissing so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on 12 NYCRR 23-1.7(d) insofar as asserted against each of them.
The parties' remaining contentions are without merit.
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court