Miceli v City of Poughkeepsie (2023 NY Slip Op 05723)

Miceli v City of Poughkeepsie

2023 NY Slip Op 05723

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-07661
 (Index No. 54227/19)

[*1]Vanessa Miceli, et al., appellants, 
v
City of Poughkeepsie, respondent.

Rusk, Wadlin, Heppner & Martuscello, LLP, Kingston, NY (John G. Rusk of counsel), for appellants.
Drake Loeb PLLC, New Windsor, NY (Judith A. Waye and Gerber Ciano Kelly Brady LLP [Brendan T. Fitzpatrick and Brian W. McElhenny], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated September 23, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In January 2019, the plaintiff Vanessa Miceli (hereinafter the injured plaintiff) allegedly slipped and fell on ice on a sidewalk in the defendant, City of Poughkeepsie. The sidewalk was located on an overpass of train tracks, near stairs that led down to a Metro-North train station platform. In October 2019, the injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries. The plaintiffs alleged that the defendant was negligent in, among other things, its maintenance of the sidewalk at issue and in creating the icy condition through improper snow removal efforts.
The defendant moved for summary judgment dismissing the complaint on the ground, among others, that it did not receive prior written notice of the alleged ice condition as required by section 15.03 of the City of Poughkeepsie Administrative Code. In an order dated September 23, 2021, the Supreme Court granted the defendant's motion. The plaintiffs appeal.
A municipality that has adopted a prior written notification law, such as section 15.03 of the City of Poughkeepsie Administrative Code, "may avoid liability for a defect or hazardous condition that falls within the scope of the law if it can establish that it has not been notified in writing of the existence of the defect or hazard at a specific location" (O'Sullivan v City of Long Beach, 209 AD3d 757, 757 [internal quotation marks omitted]; see Amabile v City of Buffalo, 93 NY2d 471, 474). "Such [prior written] notice is obviated where the plaintiff demonstrates that the municipality 'created the defect or hazard through an affirmative act of negligence' or that a 'special use' conferred a benefit on the municipality" (Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128, quoting Amabile v City of Buffalo, 93 NY2d at 474).
Here, in moving for summary judgment dismissing the complaint, the defendant met its burden of demonstrating, prima facie, that it did not receive prior written notice of the condition alleged, thereby shifting to the plaintiffs the burden of demonstrating either that a triable issue of fact existed in that regard or that one of the Amabile exceptions applied (see Smith v City of New York, 210 AD3d 53, 69-71; O'Sullivan v City of Long Beach, 209 AD3d at 757-758). In opposition, the plaintiffs failed to raise a triable issue of fact as to the applicability of the affirmative creation exception to the prior written notice law (see Groninger v Village of Mamaroneck, 17 NY3d at 129; Smith v City of New York, 210 AD3d at 70). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the defendant's remaining contention.
DILLON, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court