Graham v City of Syracuse (2024 NY Slip Op 00710)

Graham v City of Syracuse

2024 NY Slip Op 00710

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, BANNISTER, OGDEN, AND DELCONTE, JJ.

765 CA 22-01951

[*1]NICOLE GRAHAM AND BRAD GRAHAM, PLAINTIFFS-RESPONDENTS,
v
CITY OF SYRACUSE, J.K. TOBIN CONSTRUCTION CORP. CO., INC., AND SALT SPRINGS PAVING CORP., DEFENDANTS-APPELLANTS. 

SUSAN R. KATZOFF, CORPORATION COUNSEL, SYRACUSE (DANIELLE R. SMITH OF COUNSEL), FOR DEFENDANT-APPELLANT CITY OF SYRACUSE.
LIPPMAN O'CONNOR, BUFFALO (ROBERT H. FLYNN OF COUNSEL), FOR DEFENDANTS-APPELLANTS J.K. TOBIN CONSTRUCTION CORP. CO., INC., AND SALT SPRINGS PAVING CORP.
PILLINGER MILLER TARALLO, LLP, SYRACUSE (MARIA T. MASTRIANO OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

 Appeals from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered December 1, 2022. The order denied the motions of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendants J.K. Tobin Construction Corp. Co., Inc. and Salt Springs Paving Corp. in part and dismissing the complaint and cross-claims against them, and granting the motion of defendant City of Syracuse and dismissing the complaint against it, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries that Nicole Graham (plaintiff) allegedly sustained when she tripped and fell on an uneven surface on a roadway in defendant City of Syracuse (City). Defendant J.K. Tobin Construction Corp. Co., Inc. (Tobin) and defendant Salt Springs Paving Corp. (SSPC) are contractors who worked on projects in the City. Tobin and SSPC together moved for, inter alia, summary judgment dismissing the complaint and all cross-claims against them, and the City separately moved for summary judgment dismissing the complaint against it. Supreme Court denied both motions. Defendants appeal.
With respect to the appeal of Tobin and SSPC, we agree with Tobin and SSPC that, in their motion, they established as a matter of law that, as contractors, they did not owe a duty of care to plaintiff, i.e., a third party to the contract (see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 138-139 [2002]), and none of the exceptions identified in Espinal apply inasmuch as Tobin and SSPC did not perform any work at or near the location where plaintiff fell (see Cohen v Schachter, 51 AD3d 847, 848 [2d Dept 2008]; see generally Espinal, 98 NY2d at 140). In opposition, plaintiffs failed to raise an issue of fact (see Cohen, 51 AD3d at 848). We therefore modify the order by granting the motion of Tobin and SSPC in part and dismissing the complaint and cross-claims against them.
With respect to the City's appeal, we agree with the City that it met its initial burden on its motion by establishing that it had not received prior written notice of the condition that allegedly caused plaintiff's injuries, as required by section 8-115 (1) of the Charter of the City of [*2]Syracuse (see Poirier v City of Schenectady, 85 NY2d 310, 314 [1995]). Plaintiffs failed to raise "a triable issue of fact concerning the applicability of [an] exception to the prior written notice requirement, i.e., whether the City created the allegedly dangerous condition through an affirmative act of negligence" (Davison v City of Buffalo, 96 AD3d 1516, 1518 [4th Dept 2012] [internal quotation marks omitted]; see Smith v City of Syracuse, 298 AD2d 842, 842-843 [4th Dept 2002]). The exception is limited to work by the City that immediately results in the existence of a dangerous condition. Although the record supports the inference that the City may have created a dangerous condition by failing to replace a temporary cold patch with a permanent repair, the resulting allegedly dangerous condition here developed over a period greater than a year and did not "immediately result" from the City's work (Yarborough v City of New York, 10 NY3d 726, 728 [2008]; see Thompson v City of New York, 172 AD3d 485, 485 [1st Dept 2019]; Davison, 96 AD3d at 1518). We therefore further modify the order by granting the City's motion and dismissing the complaint against it.
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court