Szymczyk v Hudson 36 LLC (2025 NY Slip Op 04696)

Szymczyk v Hudson 36 LLC

2025 NY Slip Op 04696

Decided on August 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 14, 2025

Before: Moulton, J.P., Scarpulla, Gesmer, Rosado, O'Neill Levy, JJ. 

Index No. 158068/18, 595878/18, 595143/19, 595733/20, 596051/20|Appeal No. 4604|Case No. 2024-03382|

[*1]Andrzej Szymczyk, Plaintiff-Respondent,
v
Hudson 36 LLC et al., Defendants-Respondents.
Hudson 37 LLC, Third-Party Plaintiff-Respondent,
v
Forward Heating Corp., et al., Third-Party Defendants-Respondents.
Hudson 37 LLC, Second Third-Party Plaintiff-Respondent,
v
Horsepower Electric and Maintenance Corp., Second Third-Party Defendant-Appellant. Hudson 36 LLC et al., Third Third-Party Plaintiffs-Respondents,
Horsepower Electric and Maintenance Corp., Fourth Third-Party Plaintiff-Appellant- Respondent,
v
Manhattan Fire & Security Electrical Co. LLC, Fourth Third-Party Defendant- Respondent.

Lester Schwab Katz & Dwyer, LLP, New York (Thomas A. Catalano of counsel), for appellant.
Block O'Toole & Murphy, LLP, New York (Christina R. Mercado of counsel), for Andrzej Szymczyk, respondent.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about April 26, 2024, which, to the extent appealed from as limited by the briefs, denied second third-party defendant Horsepower Electric and Maintenance Corp.'s motion for summary judgment dismissing the second third-party claim against it for common-law indemnification and contribution, unanimously reversed, on the law, without costs, and the motion granted.
In this construction accident case plaintiff alleges that he slipped in an interior staircase on an approximately five-inch piece of unattached BX electrical cable. Horsepower was named as a second third-party defendant by defendants/third-party plaintiffs Hudson 36 LLC, the owner of the subject property, and Hudson 37 LLC, the general contractor at the site (collectively Hudson). Horsepower established prima facie entitlement to summary judgment by showing that it was not working at or near the site of the accident on the date of the accident or in the days immediately prior (see e.g. Santoli v 475 Ninth Ave. Assoc., LLC, 2007 NY Slip Op 32569[U] [Sup Ct, NY County 2007]). It also provided unrebutted testimony concerning its protocol for consolidating its workplace debris at the end of each day. A separate subcontractor was tasked with cleaning the worksite. Hudson did not submit a brief on this appeal. Its argument in opposition below rested entirely on the allegation that Horsepower was the only trade that used the BX cable on which plaintiff allegedly slipped. This allegation, standing alone, was insufficient in the face of Horsepower's evidence to raise a triable issue of fact (see Digirolomo v 160 Madison Ave LLC, 194 AD3d 640, 640 [1st Dept 2021]; Kimball-Malone v City of New York, 7 AD3d 675, 675-676 [2d Dept 2004]).
Accordingly, Supreme Court should have granted the motion to dismiss the second third-party claim against Horsepower for common-law indemnification and contribution. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 14, 2025