Adams v City of New Rochelle (2026 NY Slip Op 50023(U))

[*1]

Adams v City of New Rochelle

2026 NY Slip Op 50023(U)

Decided on January 9, 2026

Supreme Court, Westchester County

Ondrovic, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 9, 2026
Supreme Court, Westchester County

Thomas Frederick Adams, Plaintiff,

againstThe City of New Rochelle, Defendant.

Index No. 58284/2024

Gamaliel B. Delgado, Esq.Attorney for plaintiffKiera J. Meehan, Esq.Attorney for defendant

Robert S. Ondrovic, J.

In an action for negligence in connection with an alleged slip and fall accident, the defendant City of New Rochelle ("defendant") moves for an Order pursuant to CPLR 3212 awarding defendant summary judgment dismissing as a matter of law the Complaint of the plaintiff Thomas Frederick Adams ("plaintiff"). The following papers were considered in connection with defendant's motion:
PAPERS         
NUMBEREDNotice of Motion, Meehan Affirmation, 1 — 13Exhibits A-H, Manjarres Affidavit,Memorandum of Law in SupportDelgado Affirmation in Opposition, Exhibits A-C 14 — 18Meehan Affirmation in Reply 19
BackgroundOn March 7, 2024, plaintiff commenced this action by his filing of a Summons and Complaint (see NYSCEF Doc. No. 1). In sum and substance, the Complaint alleges that plaintiff, who is a resident of California, was injured on May 25, 2023 when he slipped and fell in the crosswalk at the intersection of North Avenue and Main Street in New Rochelle (the "Accident") (see NYSCEF Doc. No. 1 at ¶¶ 1-26). The Complaint further alleges that within 90 days of the occurrence of the Accident, plaintiff on August 21, 2023 served defendant with a notice of claim detailing defendant's alleged culpability and plaintiff's alleged damages in connection with General Municipal Law § 50-e (the "Notice of Claim") (id.).
In plaintiff's sole cause of action for negligence,[FN1]
the Complaint alleges that defendant should be held liable for plaintiff's damages in connection with the Accident, as defendant owned, managed and maintained the roadways, sidewalks and walkways upon which plaintiff allegedly slipped and fell (id. at ¶¶ 11-26). The Complaint further alleges that the Accident occurred when plaintiff was caused to slip and fall due to an elevated, un-level, dilapidated, broken, cracked, uneven, missing and/or damaged roadway, which Accident resulted in plaintiff suffering serious and permanent injuries (id.).
On April 23, 2024, defendant furnished an Answer in which it, inter alia, denied the material allegations of the Complaint and asserted 21 affirmative defenses in response thereto (see NYSCEF Doc. No. 6).
Following the completion of discovery, a Trial Readiness Conference was held on July 28, 2025. On that date, the Court issued a Trial Readiness Order in which it certified the matter as ready for trial and indicated that no further discovery shall be permitted (see NYSCEF Doc. No. 22). The Trial Readiness Order further directed plaintiff to file a Note of Issue within ten days thereof, and stated that any summary judgment motions must be made within 60 days following the filing of the Note of Issue (id.). On August 7, 2025, plaintiff timely filed a Note of Issue and Certificate of Readiness for Trial (see NYSCEF Doc. No. 23). 
On October 7, 2025, defendant timely moved (seq. no. 1) for summary judgment dismissing the Complaint as a matter of law pursuant to CPLR 3212 (see NYSCEF Doc. Nos. 28-40). In support of its motion, defendant submits an affidavit from its Engineering Technician, Kevin Manjarres ("Manjarres") (see NYSCEF Doc. No. 38). Manjarres avers that pursuant to Section 127A of the New Rochelle City Charter, the Commissioner of the Department of Public Works ("DPW") must be given prior written notice of any claimed defective street, highway, sidewalk and/or crosswalk in order to maintain a civil action against defendant (id.). He avers based upon his personal knowledge that all prior written notices regarding the conditions of roads, sidewalks, walkways, and curbs in New Rochelle are sent to defendant's DPW (id.). Manjarres further avers that all prior written notices received by defendant regarding the condition of any city street, sidewalk, walkway, curb, and/or parking lot are kept in a book in the DPW offices, which records are indexed by location in accordance with General Municipal Law § 50-g (id.). He avers that DPW also maintains a log and computer database for work performed on city sidewalks, walkways, curbs, streets, and/or parking lots [*2](id.).
Manjarres avers that in connection with this litigation, he personally performed a search of the records maintained by DPW and found that there were no written notices of a defect pertaining to the area identified in plaintiff's Notice of Claim and/or the Complaint prior to the August 21, 2023 Notice of Claim that was received in this action following the Accident (id.). Manjarres specifically avers that his search included "the crosswalk on North Avenue at or near its intersection of Main Street" in New Rochelle (id.). He avers that he also personally performed a search of DPW's log and computer database to determine whether defendant had performed any work on "the crosswalk on North Avenue at or near its intersection of Main Street" in New Rochelle, and avers that Manjarres found no record of any work being undertaken by defendant (id.).
Defendant also submits an affirmation from its counsel, Kiera J. Meehan, Esq. ("Meehan") (see NYSCEF Doc. No. 29). The purpose of Meehan's affirmation is to annex copies of the pleadings and documentary evidence in support of defendant's summary judgment motion as referenced in the Manjarres Affidavit (see NYSCEF Doc. Nos. 30-37), as well as to recite this action's procedural history and to summarize defendant's legal arguments as set forth in its accompanying memorandum of law (see NYSCEF Doc. No. 29).
In its memorandum of law, defendant first argues that it should not be held liable for plaintiff's alleged injuries suffered in connection with the Accident because it did not receive prior written notice of the alleged defective condition (see NYSCEF Doc. No. 39 at pp. 2-5). Specifically, defendant contends that pursuant to Article XII of Section 127A of the New Rochelle City Charter and General Municipal Law § 50-e(4), defendant cannot be held liable in negligence for personal injuries sustained on any city street and/or crosswalk absent prior written notice of the alleged condition (id.). Defendant asserts that as set forth in the Manjarres Affidavit, DPW records reflect that defendant never received prior written notice of any complaints of a defective condition in the location that was first identified in plaintiff's Notice of Claim following the Accident, such that defendant is entitled to summary judgment dismissing the Complaint's single cause of action for negligence (id.).
Defendant also argues that there exist only two exceptions to the statutory rule requiring prior written notice, namely, where the locality created the defect or hazard through an affirmative act of negligence and where "special use" confers a special benefit upon the locality (id. at pp. 6-7). Defendant contends that neither exception applies here, as: (1) defendant did not conduct any work on the location of the Accident that could have created the alleged defect or hazard; and (2) plaintiff has not contended that a special use exception is applicable (id.). Accordingly, defendant asserts that because there was no prior written notice, and no applicable exception to the prior written notice laws, defendant's summary judgment motion should be granted and the Complaint should be entirely dismissed pursuant to CPLR 3212 (id.).
In opposition to defendant's motion, plaintiff submits an affirmation from his counsel, Gamaliel B. Delgado, Esq. ("Delgado") (see NYSCEF Doc. No. 44). The purpose of Delgado's affirmation is to annex copies of documentary evidence in opposition to defendant's motion as well as to set forth plaintiff's legal arguments. In particular, annexed to Delgado's affirmation are copies of: (1) plaintiff's requests for documents; (2) defendant's response thereto; and (3) the deposition transcript of defendant's Manager of the Streets and Highways Department, Richard Vollenweider ("Vollenweider") (see NYSCEF Doc. Nos. 45-47).
As plaintiff's legal argument, Delgado avers that defendant has not established prima [*3]facie entitlement to summary judgment dismissing the Complaint's sole cause of action for negligence as a matter of law (see NYSCEF Doc. No. 44). In particular, he avers that Manjarres' "self-serving" affidavit is insufficient to establish prima facie entitlement to summary judgment, and that CPLR 3212 dismissal of this action is inappropriate due to defendant's failure to produce Manjarres or any other witness from defendant's engineering department for a deposition (id.). Delgado further avers that defendant's submissions do not establish, prima facie, that it is free from negligence in connection with the Accident, and that summary judgment would be premature and unwarranted due to defendant's failure to comply with all of plaintiff's discovery requests (id.).
Delgado also avers that even if defendant has established prima facie entitlement to summary judgment, triable issues of fact concerning defendant's alleged negligence in connection with the Accident require the denial of defendant's CPLR 3212 motion (id.). Specifically, Delgado avers that Manjarres' affidavit is conclusory and does not specify exactly what types of filing systems, submissions systems, or written communication systems were allegedly searched by Manjarres in an effort to find a notice of claim for the location of the Accident (id.). Delgado further avers that because defendant's motion papers focus upon defendant's alleged failure to receive a notice of claim for the location of the Accident, defendant has failed to substantively establish, prima facie, that it did not create the alleged defect that caused plaintiff to suffer injuries in connection with the Accident (id.). Delgado concludes by averring that because triable issues of fact exist regarding whether defendant created the subject roadway defect and whether defendant had actual notice of this defective condition that led to the Accident, defendant's summary judgment motion should be denied in its entirety (id.). 
As its reply in further support of defendant's summary judgment motion, defendant submits a reply affirmation from Meehan (see NYSCEF Doc. No. 48). Meehan avers that in response to defendant's prima facie showing of entitlement to summary judgment, plaintiff in his opposition does not dispute that defendant had no prior written notice of the allegedly defective roadway condition that led to the Accident (id.). Meehan further avers that plaintiff's opposition, which is comprised solely of an affirmation from counsel, fails to raise a triable issue of fact as he entirely neglects to even attempt to dispute the lack of prior written notice, which is fatal to plaintiff's negligence claim (id.). Meehan also avers that plaintiff's claim that defendant failed to provide adequate discovery is false, as defendant produced approximately 90 pages of inspection records for the location of the Accident (id.). Meehan avers that such records reflect that defendant had no prior written notice of the alleged defect that caused plaintiff's Accident, and that the Manjarres Affidavit further demonstrates that defendant searched all relevant records and confirmed that no prior written notice existed for the location of the Accident (id.). Meehan accordingly concludes by averring that defendant respectfully requests that this Court award defendant summary judgment dismissing the Complaint in its entirety pursuant to CPLR 3212 (id.). 
AnalysisThe legal standards to be applied in evaluating a motion for summary judgment pursuant to CPLR 3212 are well-settled. "Summary judgment is a drastic remedy, to be granted only where the moving party has 'tender[ed] sufficient evidence to demonstrate the absence of any material issues of fact' and then only if, upon the moving party's meeting of this [prima facie] [*4]burden, the non-moving party fails 'to establish the existence of material issues of fact which require a trial of the action'" (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). "On a motion for summary judgment, facts must be viewed 'in the light most favorable to the non-moving party'" (Vega, 18 NY3d at 503, quoting Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339 [2011]). "[S]ummary judgment is appropriate 'where only one conclusion may be drawn from the established facts'" (Jones v St. Rita's R.C. Church, 187 AD3d 727, 729 [2d Dept 2020], quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]), or where a cause of action and/or the type of damages sought "fails as a matter of law" (Ramos v Howard Indus., Inc., 10 NY3d 218, 224 [2008]; see also M.V.B. Collision, Inc. v Allstate Ins. Co., 187 AD3d 881, 882 [2d Dept 2020]).
It is well-established that "[w]here a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Discepolo v County of Nassau, 226 AD3d 646, 646 [2d Dept 2024], citing Vaisman v Village of Croton-on-Hudson, 209 AD3d 920, 921 [2d Dept 2022]). "The purpose of a prior written notice provision is to place a municipality on notice that there is a defective condition on publicly-owned property which, if left unattended, could result in injury. This ensures that a municipality, which is not expected to be cognizant of every crack or defect within its borders, will not be held responsible for injury from such defect unless given an opportunity to repair it" (Vaisman, 209 AD3d at 921, quoting Gorman v Town of Huntington, 12 NY3d 275, 279 [2009]).
The New Rochelle City Charter requires, as a condition precedent to an action such as the instant negligence lawsuit arising from a slip and fall accident, that New Rochelle have prior written notice of an allegedly defective condition. Specifically, the Charter states:
No civil action shall be maintained against the city for damages or injuries to person or property sustained in consequence of any street, highway, trees, bridge, culvert, sanitary sewer or storm drains, sidewalk or crosswalk or any other public place being defective, out of repair, unsafe, dangerous or obstructed, or in consequence of the existence of snow or ice thereon, unless written notice thereof, specifying the particular place, had actually been given to the Commissioner of Public Works prior to the happening of the event causing such damage or injury to person or property, and there was a failure or neglect by the city to repair or remove the defect, danger or obstruction or to cause the snow or ice to be removed or the specified place to be made reasonably safe within a reasonable time after the receipt of notice relating to it (see New Rochelle City Charter, Art. XII, § 127A).The New Rochelle City Charter is read in conjunction with General Municipal Law § 50-e, which provides in relevant part: "nothing herein contained shall be deemed to dispense with the requirement of notice of the defective, unsafe, dangerous or obstructed condition of any street, highway, bridge, culvert, sidewalk or crosswalk . . . where such notice now is, or hereafter may be, required by law, as a condition precedent to liability for damages or injuries to person or property alleged to have been caused by such condition, and the failure or negligence to repair or remove the same after the receipt of such notice" (see Gen. Mun. Law. § 50-e[4]).
By way of the Manjarres Affidavit, which is based upon Manjarres' personal knowledge [*5]as defendant's Engineering Technician for DPW, defendant has established, prima facie, that it did not have prior written notice of an alleged defective condition on the roadway where plaintiff's Accident occurred on May 25, 2023 (see NYSCEF Doc. No. 38; see also Miceli v City of Poughkeepsie, 221 AD3d 802, 803 [2d Dept 2023] (holding that "the defendant met its burden of demonstrating, prima facie, that it did not receive prior written notice of the condition alleged"); O'Connor v City of Long Beach, 218 AD3d 482, 483 [2d Dept 2023] (finding that "the City established its prima facie entitlement to judgment as a matter of law dismissing the complaint . . . by submitting an affidavit from its Acting Commissioner of Public Works, who averred that the City had no prior written notice of the alleged defect in the sidewalk"); Goldberg v Town of Hempstead, 156 AD2d 639, 640 [2d Dept 1989] (stating that "the affidavit of a town official . . . indicating that he has caused a search of the town's records and that the search revealed no prior written notice of the defective or dangerous condition alleged to exist at such a facility is sufficient to establish that no such prior written notice was filed with the town"); Englehardt v Town of Hempstead, 141 AD2d 601, 602 [2d Dept 1988] (finding that a defendant established prima facie entitlement to summary judgment when it "submitted affidavits from town officials indicating that there was no record of any written notice with respect to the alleged defect")).[FN2]

"Where a municipality establishes that it lacked prior written notice under a prior written notice statute, the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule — that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality" (Callaghan v County of Nassau, 2025 NY App. Div. LEXIS 1369, **3-4 [2d Dept Mar. 12, 2025], quoting Sanchez v County of Nassau, 222 AD3d 685, 686 [2d Dept 2023]).
Here, in response to defendant's prima facie showing that it did not have prior written notice of a defective condition on the roadway where plaintiff was allegedly injured, plaintiff has failed to meet his burden of demonstrating that either of the two above-referenced exceptions to the prior written notice requirement are applicable. Plaintiff's opposition is solely comprised of an affirmation from his counsel that is not based upon counsel's personal knowledge, and does not reflect the presence of a triable issue of fact regarding whether defendant affirmatively created the alleged defect through an act of negligence or whether a special use resulted in a special benefit to defendant (see NYSCEF Doc. No. 44; Callaghan, 2025 NY App. Div. LEXIS 1369 at **3-4; Sanchez, 222 AD3d at 686; see also Gyabaah v Rivlab Transp. Corp., 129 AD3d 447, 447 [1st Dept 2015] (affirming the Supreme Court's award of summary judgment and stating that "[i]n opposition, defendants failed to raise a triable issue of fact, since they submitted only an affirmation from an attorney without personal knowledge of the facts"); Prince v Accardo, 54 AD3d 837, 838 [2d Dept 2008] (holding that "[i]n opposition, the plaintiffs, who only submitted an affirmation from an attorney having no personal knowledge of the facts, failed to raise a triable issue of fact"); Matter of Ziomek, 40 AD3d 774, 774 [2d Dept 2007] (finding that "[t]he objectant's opposition, consisting of an affirmation of an attorney without personal knowledge of the facts, was insufficient to raise a triable issue of fact")). 
Moreover, the limited documentary evidence and testimony annexed to counsel's affirmation similarly fails to raise a triable issue of fact that would require the denial of defendant's motion (see NYSCEF Doc. Nos. 45-47). Specifically, the "Inspection Summary" documents produced by defendant and annexed to plaintiff's counsel's affirmation do not demonstrate the presence of triable issues of facts concerning whether defendant affirmatively created the purported defect through an act of negligence or whether a special use resulted in a special benefit to defendant (see NYSCEF Doc. Nos. 45-46). Nor does Vollenweider's deposition testimony reflect the existence of any such triable issues of fact (see NYSCEF Doc. No. 47).
Therefore, plaintiff has failed to cite any triable issue of fact that would warrant the denial of defendant's summary judgment motion, which motion is granted in its entirety (see NYSCEF Doc. Nos. 44-47; see also See Hayes v County of Suffolk, 222 AD3d 950, 953 [2d Dept 2023] (affirming an award of summary judgment dismissing plaintiff's negligence claim where "[i]n opposition, the plaintiffs failed to raise a triable issue of fact"); Schutt v Dynasty Transp. of Ohio, Inc., 203 AD3d 858, 860 [2d Dept 2022] (holding that "[t]he Supreme Court properly granted those branches of [defendants'] motions which were for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against each of them" where "[t]he plaintiffs failed to raise a triable issue of fact in opposition"); Atkins v Beth Abraham Health Servs., 133 AD3d 491, 492-493 [1st Dept 2015] (affirming the Supreme Court's award of summary judgment in defendant's favor and holding that "the negligence . . . claims were properly dismissed")).
The Court does not credit plaintiff's contention that summary judgment is "premature" due to defendant's purported failure to comply with all of plaintiff's discovery requests (see NYSCEF Doc. No. 44 at ¶ 34). Plaintiff's strained assertion is belied by the fact that this Court issued a Trial Readiness Order on July 28, 2025 in which it certified the matter as ready for trial and indicated that no further discovery shall be permitted (see NYSCEF Doc. No. 22). Plaintiff's argument is further undercut by his own filing of a Note of Issue and Certificate of Readiness for Trial on August 7, 2025, in which plaintiff unambiguously represented that "[t]here has been a reasonable opportunity to complete the foregoing proceedings" and that "[t]he case is ready for trial" (see NYSCEF Doc. No. 23; see also generally Manhattan Woods Enters., LLC v Cnty. of Rockland, 230 AD3d 1131, 1135 [2d Dept 2024] (stating that "a grant of summary judgment is not premature merely because discovery has not been completed"), quoting Arena v City of New York, 192 AD3d 737, 738 [2d Dept 2021]); Valencia v Glinski, 219 AD3d 541, 545 [2d Dept 2023] (holding that "[t]he appellants' contention that the defendants' motion should have been denied as premature is without merit" and noting that "a grant of summary judgment is not premature merely because discovery has not been completed")).
Accordingly, it is hereby,
ORDERED that defendant's motion (seq. no. 1) for summary judgment dismissing the Complaint pursuant to CPLR 3212 is granted in its entirety; and it is further
ORDERED that the Complaint is dismissed as a matter of law pursuant to CPLR 3212.
The foregoing constitutes the Decision and Order of this Court.[FN3]

Dated: January 9, 2026White Plains, New YorkENTER,HON. ROBERT S. ONDROVIC, J.S.C.

Footnotes

Footnote 1:In order to prevail on a negligence claim, "a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" (Solomon v City of New York, 66 NY2d 1026, 1027 [1985]; accord Porcasi v Oji, 220 AD3d 899, 900 [2d Dept 2023]).

Footnote 2:Defendant also correctly points out that plaintiff in his Complaint entirely fails to even allege that defendant had prior written notice of a defective condition on the roadway where the Accident occurred (see NYSCEF Doc. No. 1).

Footnote 3:All other arguments raised on this motion and all materials submitted by the parties in connection therewith have been considered by this Court, notwithstanding the specific absence of reference thereto.